IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DELMA LAMAR SULLIVAN,       )
                                       )
       Petitioner,           )
                                       )
vs.                            )        Case No. CIV-15-67-M
                                       )
H. A. RIOS, Warden, Lawton    )
Correctional Facility           )

ODOC No. 224367
Place of Confinement:    **Lawton Correctional Facility**
                           **8607 Flower Mound Rd.**
                           **Lawton, OK 73501**

**To The Attorney General of the State of Oklahoma**

## PETITION FOR WRIT OF *HABEAS CORPUS*

Comes Now, the Petitioner, by and through his attorney, M. Michael Arnett, OBA #

12071, and for his Petition for Writ of *Habeas Corpus,* hereby alleges and states.

## STATEMENT OF JURISDICTION

This is an appeal from an Order Affirming Denial of Third Application for

Post-Conviction Relief, filed by the Oklahoma Court of Criminal Appeals, on May 22,

2014. (See Exhibit A, attached hereto and incorporated herein, as if pled in full.) This

Petition is filed pursuant 28 U.S.C. §2254 (d).

## STATEMENT OF THE CASE

Petitioner, represented by counsel, was found guilty by a jury of First Degree

Murder. In accordance with the jury recommendation, the Petitioner was sentenced to life

imprisonment on January 26, 1995, by the Honorable David M. Cook. The Petitioner timely appealed, and in an unpublished opinion, the OCCA affirmed Petitioner's Judgment and Sentence.

On November 13, 2013, the Petitioner, through counsel, filed a Third Application for Post-Conviction Relief in Oklahoma County Case No. CF-1993-2996. The Honorable Cindy H. Truong denied the Application on January 9, 2014.

The said denial was appealed to the OCCA. The OCCA affirmed the ruling of Judge Truong, on May 22, 2014.

## GROUNDS AND FACTS FOR GRANTING WRIT

**PROPOSITION:**   **THE DISTRICT COURT, IN DECIDING THE APPLICATION FOR POST-CONVICTION RELIEF, DID NOT APPLY THE PROPER FEDERAL AND STATE STANDARDS TO DETERMINING WHETHER OR NOT THE AFFIDAVIT PRESENTED WAS "NEWLY DISCOVERED EVIDENCE," THEREBY DEPRIVING THE PETITIONER OF HIS FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS OF LAW.**

At 22 O. S. §§2011, 1080 (d), a person is able to present "evidence of material facts, not previously presented and heard, that requires vacation of conviction or sentence in the interest of justice." The Courts have stated that the test for newly discovered evidence is the same as for a motion for new trial, found at 22 O.S. 952. *Ellis v. State,* 1992 OK Cr 45, ¶50, 67 P.2d 1289, 1303 sets forth this test.

> "The test for whether a motion for a new trial should be granted based upon newly discovered evidence is: (1) whether the evidence is material; (2) whether the evidence could not have been discovered before trial with reasonable diligence; (3) whether the evidence is cumulative; and (4) whether the evidence creates a

2

reasonable probability that, had it been introduced at trial, it would have changed the outcome. Sheppard v. State, 731 P.2d 989, 990 (Okl.Cr.1987)."

Deodrick Carter, a co-defendant and convicted shooter, wrote an affidavit which said that the Petitioner had no idea that Carter was going to shoot anyone. (See Exhibit B, attached hereto and incorporated herein, as if pled in full.) There can be no doubt that this testimony is material, and, if properly considered (testimony of the shooter and co-defendant) by court, would require vacation, and order for new trial. This evidence was not available to Petitioner until Carter came forward to make the statements in Exhibit B.

The District Court and the OCCA found that the Petitioner aided and abetted the shooting, and therefore, was guilty of Murder. The OUJI Instruction for Malice Murder sets forth the facts which must be proved to convict.   OUJI-CR-4-61:

> "No person may be convicted of murder in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
> First, the death of a human;
> Second, the death was unlawful;
> Third, the death was caused by the defendant;
> Fourth, the death was caused with malice aforethought."

Aiding and abetting is defined by OUJI-CR-2-9 which states:

> "Criminal Intent - Design to commit a crime or to commit acts the probable consequences of which are criminal."

Criminal intent implies knowledge and acquiescence. There is no evidence of such except the Petitioner was "there", and happened to be driving. The new statements of Carter actually disprove criminal intent.

Why Carter did not come forward sooner is irrelevant. There was no way to force him to testify to what he stated in his affidavit. Even if this defense would have been raised by the Petitioner at trial, it would not have been supported by evidence because, without Carter's testimony, there is no factual basis for the defense assertion that Petitioner had no knowledge of the intended crime.

The Court below relies on *Rounds v. State*, 679 P.2d 283, 286-287. In that case "new evidence" was that of self-defense, among other things. However, the facts are totally different from this case. In *Rounds, supra.,* the Petitioner carried a shotgun in his lap, and the people he was with were going to go steal a guitar. The Petitioner in *Rounds, supra.,* had a sufficient scienter of criminal activity. In this case, the affidavit shows that the Petitioner had none.

The OCCA's reliance on "other evidence" is spurious. The new testimony of the shooter and co-defendant that the Petitioner had no criminal intent, and no knowledge of what happened until it happened. This undoubtedly would have made a difference to a jury regardless of whatever other **circumstantial** evidence the State produced. This affidavit is direct evidence that the Petitioner had no knowledge of the plan to shoot anyone, and it is clearly newly discovered.

The Oklahoma Post-Conviction Procedure Act requires a §1084 hearing if affidavits are submitted which rely on relevant new evidence. In *Slaughter v. State*, 2005 OK CR 2, 105 P.3d 832 (2005) the Court found:

"¶ 12 Furthermore, post-conviction petitioners seeking a review of their post-conviction affidavits are required to file an application for evidentiary hearing. Rule 9.7(D)(5), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2002). The application for evidentiary hearing and affidavits **"must contain sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief."** *Id.* If this Court determines "the requirements of Section 1089(D) of Title 22 have been met and issues of fact must be resolved by the District Court, it shall issue an order remanding to the District Court for an evidentiary hearing." Rule 9.7(D)(6), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2002).

In this case, one of the requests made by Petitioner was for an evidentiary hearing on the affidavit, to determine its truth and validity. The affidavit certainly contained **"sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief."** Not to have allowed such a hearing denied the Petitioner of substantive due process of law, in violation of his rights pursuant to The Constitution of the United States of America.

The words "due process" suggest a concern with procedure, and that is how the Due Process Clause is usually understood. The due process clause of the Fourteenth Amendment clause also promises that before depriving a citizen of life, liberty or property, the government must follow fair procedures. Citizens are also entitled to have the government observe or offer fair procedures, whether or not those procedures have been provided for in the law on the basis of which the court is acting. Action denying the process that is "due" would be unconstitutional

This is well explained in *McDonald v. City of Chicago*, 130 S. Ct. 3020, 177 L.Ed.2d 894 (2010), where the court held:

> "(2) Justice Black championed the alternative theory that § 1 of the Fourteenth Amendment totally incorporated all of the Bill of Rights' provisions, see, *e.g., Adamson v. California*, 332 U.S. 46, 71–72, 67 S.Ct. 1672, 91 L.Ed. 1903 (Black, J., dissenting), but the Court never has embraced that theory. Pp. 3032 – 3033.
> (3) The Court eventually moved in the direction advocated by Justice Black, by adopting a theory of selective incorporation by which the Due Process Clause incorporates particular rights contained in the first eight Amendments. See, *e.g., Gideon v. Wainwright*, 372 U.S. 335, 341, 83 S.Ct. 792, 9 L.Ed.2d 799. These decisions abandoned three of the characteristics of the earlier period. The Court clarified that the governing standard is whether a particular Bill of Rights protection is fundamental to our Nation's particular scheme of ordered liberty and system of justice. *Duncan, supra,* at 149, n. 14, 88 S.Ct. 1444. The Court eventually held that almost all of the Bill of Rights' guarantees met the requirements for protection under the Due Process Clause. The Court also held that Bill of Rights protections
> [130 S.Ct. 3023]
> must "all ... be enforced against the States under the Fourteenth Amendment according to the same standards that protect those personal rights against federal encroachment." *Malloy v. Hogan*, 378 U.S. 1, 10, 84 S.Ct. 1489, 12 L.Ed.2d 653. Under this approach, the Court overruled earlier decisions holding that particular Bill of Rights guarantees or remedies did not apply to the States. See, *e.g., Gideon, supra,* which overruled *Betts v. Brady,* 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. Pp. 3034 – 3036."

Even though a person is not statutorily entitled to post-conviction relief, according the U.S. Supreme Court, it is presumed that if a state has a PCR procedure, it will at least provide due process according to the Constitution of the United States of America. This was not done here.

## CONCLUSION

The Petitioner has been deprived of his rights of due process because the Oklahoma Courts did not follow their own PCR rules as applied to the Petitioner. At a minimum, a 22

O.S. §1084 evidentiary hearing should have been held to determine the truth and validity of the Carter affidavit. Further, the Oklahoma Courts misapplied the definition of " newly discovered evidence". There was no legal way that the Petitioner could have properly raised the issues set out in the Carter affidavit effectively at trial or on appeal.

WHEREFORE, the Petitioner prays the Court to grant his Petition for Writ of *Habeas Corpus*, grant him a certificate of appealability, and any other relief to which the Court finds the Petitioner is eligible.

Respectfully submitted,

s/ M. Michael Arnett
M. Michael Arnett, OBA #12071
ARNETT LAW FIRM
3133 N. W. 63rd Street
Oklahoma City, OK 73116
Telephone: (405) 767-0522
Facsimile: (405) 767-0529
Email: mikearnett1@juno.com