IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMA LAMAR SULLIVAN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> H. A. RIOS, Warden, Lawton ) <br> Correctional Facility, ) <br> ) <br> Respondent. ) | Case No. CIV-15-0067-M |

## REPORT AND RECOMMENDATION

**I. Petition and procedural history.**

Delma Sullivan (Petitioner), a state prisoner represented by counsel, petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Doc. 1. He characterizes his action as "an appeal from an Order Affirming Denial of Third Application for Post-Conviction Relief . . . by the Oklahoma Court of Criminal Appeals [OCCA] . . . (See Exhibit A, attached hereto and incorporated herein, as if pled in full.)" *Id.* at 1.[1]

Petitioner states he was sentenced to life imprisonment on January 26, 1995, in Case No. CF-1993-2996 in the District Court of Oklahoma County after a jury found him guilty of First Degree Murder; the OCCA subsequently affirmed his conviction and sentence on direct appeal. *Id.* at 1-2. He alleges that

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim. The use of the uppercase is altered in part.

on July 19, 2013, "Deodrick Carter, a co-defendant and convicted shooter, wrote an affidavit which said that the Petitioner had no idea that Carter was going to shoot anyone. (See Exhibit B, attached hereto and incorporated herein, as if pled in full.)" *Id.* at 3, Ex. B. Petitioner claims "[t]his evidence was not available to Petitioner until Carter came forward to make the statements in Exhibit B." *Id.* at 3. He submits that the state courts "found that the Petitioner aided and abetted the shooting, and therefore, was guilty of Murder" and that "[t]he new statements of Carter actually disprove criminal intent." *Id.* Petitioner contends that

> [w]hy Carter did not come forward sooner is irrelevant. There was no way to force him to testify to what he stated in his affidavit. Even if this defense would have been raised by the Petitioner at trial, it would not have been supported by evidence because, without Carter's testimony, there is no factual basis for the defense assertion that Petitioner had no knowledge of the intended crime.

*Id.* at 4.

On November 13, 2013, Petitioner filed a third application for post-conviction relief from the trial court. *Id.* at 2. "Petitioner's application claimed this affidavit presented grounds for post-conviction relief because it represented 'evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice' as specified under 22 O.S. 2011, § 1080(d), of the Post-Conviction Procedure Act." *Id.* Ex. A, at 2.

The state district court denied the application on January 9, 2014, and the OCCA affirmed that ruling on May 22, 2014. Doc. 1, at 2.

Then, on January 21, 2015, Petitioner, through counsel, filed this federal habeas petition, alleging as his "grounds and facts for granting writ" that "[t]he district court, in deciding the application for post-conviction relief, did not apply the proper federal and state standards to determining whether or not the affidavit presented was "newly discovered evidence," depriving the petitioner of his Fifth and Fourteenth Amendment rights to due process of law." *Id.*

Petitioner alleges that "[a]t 22 O.S. §§2011, 1080 (d), a person is able to present 'evidence of material facts, not previously presented and heard, that requires vacation of conviction or sentence in the interest of justice.'" *Id.* He quotes case law and asserts that it "sets forth" the test for determining under Oklahoma law whether a motion for new trial should be granted based on newly discovered evidence. *Id.* at 2-3. He further alleges that "[t]here can be no doubt that [the Carter affidavit] testimony is material, and, if properly considered (testimony of the shooter and co-defendant) by court, would require vacation, and order for new trial." *Id.* at 3. He faults the OCCA's reliance on "'other evidence'" as "spurious" and contends that "[t]he new testimony of the shooter and co-defendant that the Petitioner had no criminal intent, and no knowledge of what happened until it happened. This undoubtedly would have made a

3

difference to a jury regardless of whatever other **circumstantial** evidence the State produced." *Id.* at 4. He claims that "[t]his affidavit is direct evidence that the Petitioner had no knowledge of the plan to shoot anyone, and it is clearly newly discovered." *Id.*

Petitioner further pleads that "[t]he Oklahoma Post-Conviction Procedure Act requires a §1084 hearing if affidavits are submitted which rely on relevant new evidence" and that "[n]ot to have allowed such a hearing denied the Petitioner of substantive due process of law, in violation of his rights pursuant to The Constitution of the United States of America." *Id.* at 4, 5. He concludes that he

> has been deprived of his rights of due process because the Oklahoma Courts did not follow their own PCR rules as applied to the Petitioner. At a minimum, a 22 O.S. §1084 evidentiary hearing should have been held to determine the truth and validity of the Carter affidavit. Further, the Oklahoma Courts misapplied the definition of "newly discovered evidence". There was no legal way that the Petitioner could have properly raised the issues set out in the Carter affidavit effectively at trial or on appeal.

*Id.* at 6-7.

Chief United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The undersigned ordered a response to the petition. Doc. 6. Respondent moved to dismiss, maintaining the petition is time-barred.

Docs. 8, 9. Petitioner responded to the motion. Doc. 12. After a careful review of the parties' submissions, the issues, and the relevant authority, the undersigned recommends for alternative reasons that Chief Judge Miles-LaGrange dismiss the petition.

## II. Analysis.

### A. Petitioner does not state a cognizable federal habeas claim.

Petitioner purports to "appeal" to this Court from an order by the OCCA, claiming that the state district court "did not apply the proper federal and state standards to determining whether or not the affidavit presented was 'newly discovered evidence'" and, so, violated his "Fifth and Fourteenth Amendment rights to due process of law." Doc. 1, at 1, 2. According to Petitioner, "[n]ot to have allowed [an evidentiary] hearing denied the Petitioner of substantive due process of law, in violation of his rights pursuant to The Constitution of the United States of America." *Id.* at 5. He claims "the Oklahoma Courts did not follow their own PCR rules as applied to the Petitioner," error that allegedly "deprived [Petitioner] of his rights of due process . . . ." *Id.* at 6.

"The first hurdle Petitioner must overcome is that his [only] constitutional argument does not revolve about trial error but about matters that occurred subsequently." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998). A claim of constitutional error that "focuses only on the State's post-conviction remedy

and not the judgment which provides the basis for his incarceration . . . states no cognizable federal habeas claim." *Id.*; *see also Sampson v. Patton*, 598 F. App'x 573, 576 (10th Cir. 2015) (petitioner's claim that his due process rights were violated when the Oklahoma courts refused to apply a Supreme Court decision retroactively on post-conviction review was properly dismissed by the district court "because it is not cognizable in a federal habeas petition"). The undersigned recommends that Petitioner's sole claim for federal habeas relief be dismissed on this basis. *Id.*

**B.  Alternatively, the petition is time-barred.**

**1.  Respondent's contentions.**

For purposes of this alternative recommendation, the undersigned has considered Respondent's motion to dismiss and Petitioner's brief in response. Docs. 8, 9, 12. A petition for federal habeas relief is subject to a one-year period of limitation under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). Respondent seeks dismissal of the petition on grounds that Petitioner failed to file it within that one-year period: measuring the one-year period from the day Petitioner's "judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's statutory year expired on August 22, 1997. *Id.* § 2244(d)(1)(A); Doc. 9, at 1-4. Respondent argues, "this Court

should dismiss this petition and find the Petitioner has failed to establish that this Court may review his habeas petition seventeen (17) years after the expiration of his AEDPA statutory year." Doc. 9, at 4-5.

Respondent further maintains that "Petitioner fails to acknowledge the AEDPA statutory year, or make any argument for his habeas petition being filed more than seventeen (17) years after its expiration." *Id.* at 4. Respondent also notes that "Petitioner is represented by counsel and therefore not entitled to the same liberal construction of a *pro se* litigant's pleadings." *Id.* Pointing to the fact that "Petitioner claims in his proposition that he received 'newly discovered evidence' in the form of an affidavit created by his co-defendant on July 19, 2013," Respondent asserts that "[t]o the extent this Court would choose to interpret claims within the Petitioner's proposition as a request for equitable tolling or an alternate start date for his statutory year, such claims must be denied." *Id.* at 5. Similarly, Respondent argues that "[t]o the extent this court would interpret the Petitioner's allegations as an actual innocence claim, it must be denied as well." *Id.* at 6.

### 2. Petitioner's response.

Petitioner does not contest Respondent's claim that his habeas petition would be time-barred if AEDPA's one-year limitation period accrued on the day his judgment of conviction became final. *See generally* Doc. 12; instead,

7

Petitioner submits that "Mr. Carter was a co-defendant and convicted shooter in this case [and] was unavailable to testify at trial, because of his Fifth Amendment right to remain silent." *Id.* at 1. He maintains, "[t]herefore, the Petitioner did not have the opportunity to question Mr. Carter." *Id.* He argues "[t]he bald assertion of the Petitioner that Mr. Carter knew Petitioner had no intent to commit this crime would have been inadmissible and unprovable because there was no other evidence of what Mr. Carter knew at the time of trial." *Id.* at 1-2. He claims he "could not know what was in the mind of Mr. Carter and that Mr. Carter would testify as to what was in the affidavit." *Id.* at 2. According to Petitioner, "the first time [he] knew of Mr. Carter's proposed testimony was when he received the affidavit from Mr. Carter [and h]e could not diligently pursue something he did not know." *Id.* "Hence," he states, "the affidavit is the new evidence, and the receipt of it by the Petitioner should begin the one-year period to file this Writ." *Id.* He argues that, "[i]n effect, [he] could not have known at the time of trial how Mr. Carter would have testified at trial." *Id.*

Petitioner also addresses what he states is Respondent's contention that his petition does not allege "that there was a reasonable probability that the jury would have changed its verdict." *Id.* He maintains "[t]his is inaccurate," and points to an allegation in his petition that Mr. Carter's testimony regarding

8

Petitioner's lack of criminal intent would have made a difference to a jury. *Id.*

Petitioner concludes that "the affidavit of Mr. Carter, not the Petitioner's knowledge of facts of the case at trial, should be the start date of the one year statute to file the Writ, pursuant to 22 U.S.C. §2244 (d)(1)(D)." *Id.* He maintains he "could not have known the mind of Mr. Carter, or that he was willing to testify, until he received the affidavit" and, he claims, "[w]hether this indicates actual innocence or not should be left up to a finder of fact: a jury." *Id.* And, he reiterates that his petition did "address[] the issue of a reasonable possibility that the testimony of Mr. Carter would have made a difference to a jury." *Id.* at 3.

### 3. Discussion.

Petitioner latches onto Respondent's "to the extent that" interpretations of his petition to expand what Petitioner actually alleged. But Respondent must anticipate and address any potential construction a court might place on a habeas petition, whether that petition is drafted by a pro se petitioner or by counsel. The court is not so constrained. Had this petition been Petitioner's own work, the court would be bound to read it broadly but, even then, would be prohibited from acting as Petitioner's advocate or creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Because the petition is counsel's work-product, it must be read as written.

9

Under 28 U.S.C. § 2244(d)(1)(D), AEDPA's one-year period of limitation does not accrue until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner did not invoke the application of 28 U.S.C. § 2244(d)(1)(D) in his petition and his only mention of "diligence" was to note that part of "the test for newly discovered evidence" under Oklahoma law is whether this "evidence could not have been discovered before trial with reasonable diligence . . . ." *Id.* at 2 (quoting *Ellis v. State*, 867 P.2d 1289, 1303 (Okla. Crim. App. 1992)).

In response to Respondent's dismissal motion, Petitioner submits that Mr. Carter, Petitioner's "co-defendant and convicted shooter in this case," knew that Petitioner – who "aided and abetted the shooting, and therefore, was guilty of Murder" – "had no intent to commit this crime . . . ." Doc. 12, at 1; Doc. 1, at 3. He asserts that "the affidavit of Mr. Carter, not the Petitioner's knowledge of facts of this case at trial, should be the start date of the one year statute to file the Writ, pursuant to 22 U.S.C. § 2244 (d)(1)(D)." *Id.* at 2. And, he claims, "the first time [he] knew of Mr. Carter's proposed testimony was when he received the affidavit from Mr. Carter [and that] he could not diligently pursue something he did not know." *Id.*

If, as Mr. Carter's affidavit claims, Petitioner had no knowledge that Mr.

Carter intended to shoot their victim, both Petitioner and Mr. Carter have known as much since the date of the shooting. "Thus, 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence,' was not . . . the date of the affidavit, but instead . . . the date of the [shooting]." *Craft v. Jones*, 435 F. App'x 789, 791 (10th Cir. 2011); *see also Taylor v. Martin*, 757 F.3d 1122, 1124 (10th Cir. 2014) (holding *Craft* "persuasive"). And, nothing in Petitioner's filings – the petition or otherwise – "suggests that [Petitioner] exercised 'due diligence' in attempting to obtain the testimony of [Mr. Carter]" before Mr. Carter executed the affidavit in July 2013, some twenty years after the shooting occurred. *Craft,* 435 F. App'x at 791.

Finally, in his brief opposing Respondent's motion, Petitioner invokes – for the first time – the term "actual innocence," Doc. 12, at 2. He maintains that Respondent inaccurately "states that the Petitioner did not argue that there was a reasonable probability that the jury would have changed its verdict," citing *Schlup v. Delo*, 513 U.S. 298 (1995). Doc. 12, at 2.

As support, he restructures a contention in his petition, maintaining he alleged that the testimony of the shooter and co-defendant that the Petitioner had no criminal intent, and no knowledge of what happened "would have made a difference to a jury." *Id.* 2-3 (citing Doc. 1, at 4). The burden of showing that

Mr. Carter's affidavit would make "a difference to a jury" differs significantly from the burden of showing that, in light of the new evidence, "the jury would have changed its verdict." *Id.* at 2 And Petitioner misstates Respondent's contention – and *Schlup's* holding – that "Petitioner must show that 'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Doc. 9, at 9 (quoting *Schlup*, 513 U.S. at 329). Petitioner neither made this claim in his petition nor did he make the requisite showing. *See* Doc. 1.

A freestanding claim of actual innocence provides no basis for federal habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying criminal proceeding."). And, though "*Herrera* holds open the possibility that, in a capital case, newly discovered evidence may be grounds for habeas relief from execution, . . . . [i]n this case . . . Petitioner received only a [term] sentence; thus, this exception does not appear to apply to him." *Isbill v. Workman*, 62 F. App'x 863, 865 (10th Cir. 2003).

### III. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends that Chief Judge Miles-LaGrange dismiss the petition for writ of habeas corpus, Doc. 1, for failure

to state a cognizable habeas claim or, alternatively, grant Respondent's motion to dismiss, Doc. 8, and dismiss the petition as time-barred.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before July 2, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 12th day of June, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE